1  Stuart M. Richter (CA 126231)
   stuart.richter@katten.com
2  Camille A. Brooks (CA 307859)
   camille.brooks@katten.com
3  **KATTEN MUCHIN ROSENMAN LLP**
   2029 Century Park East, Suite 2600
4  Los Angeles, CA 90067-3012
   Telephone:  310.788.4400
5  Facsimile:   310.788.4471

6  Attorneys for Defendant
   FRONTWAVE CREDIT UNION
7

8
                    **UNITED STATES DISTRICT COURT**
9
                   **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| ELAINE WARD-HOWIE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRONTWAVE CREDIT UNION,<br><br>Defendant. | Case No. **'22CV0890 BTM JLB**<br><br>**DEFENDANT FRONTWAVE CREDIT UNION'S NOTICE OF REMOVAL**<br><br>[From the Superior Court of California, County of San Diego, Case No. 37-2022-00016328-CU-BC-CTL]<br><br>[*Filed concurrently with Declaration of Stuart M. Richter*]<br><br>Complaint filed: April 29, 2022<br>Action Removed: June 17, 2022 |

NOTICE OF REMOVAL

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C §§ 1332(d)(2), 1441, 1446, and 1453, defendant Frontwave Credit Union ("Frontwave") removes to the United States District Court for the Southern District of California, the state court action described below. Removal is based on the grounds discussed below.

## PROCEDURAL BACKGROUND

1. On April 29, 2022, plaintiff Elaine Ward-Howie ("Plaintiff") filed a Class Action Complaint against Frontwave in the Superior Court for the State of California, County of San Diego (the "State Court Action"). The Complaint was captioned *Elaine Ward-Howie v. Frontwave Credit Union*, Case No. 37-2022-00016328-CU-BC-CTL, and was assigned to the Honorable Katherine Bacal.

2. Plaintiff asserts two claims for relief on her own behalf and on behalf of the putative class: (1) breach of contract, including breach of the implied covenant of good faith and fair dealing; and (2) violation of California's Unfair Competition Law ("UCL").

3. Plaintiff served Frontwave with the Summons, Complaint, and other case-opening documents on May 27, 2022.

4. At the time of this removal, Frontwave has not answered or otherwise responded to the Complaint. No further proceedings have occurred in the state court action.

## THE CASE IS REMOVABLE

5. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d).

6. CAFA grants federal courts discretion to exercise diversity jurisdiction over class actions if: (a) the putative class exceeds more than 100 class members (*id.* § 1332(d)(5)(B)); (b) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists) (*id.* § 1332(d)(2)(A)); and (c) the amount in controversy exceeds $5 million in aggregate (*id.* §

1332(d)(2),(6)). As set forth below, this action satisfies each of the three requirements.

### A.   The Purported Class Exceeds More Than 100 Class Members

7.   Plaintiff purports to bring a class action under California state law. Compl. ¶ 64 ("Plaintiff brings this action on his *[sic]* own behalf and on behalf of all others similarly situated."). This case qualifies as a "class action." 28 U.S.C. § 1453(a); *id.* § 1332(d)(1)(B) (a class action is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action").

8.   As required by 28 U.S.C. § 1332(d)(5)(B), it is more likely than not that there are more than 100 class members in Plaintiff's proposed class. Plaintiff's putative class consists of "[a]ll Frontwave Credit Union checking accountholders who, during the applicable statute of limitations, were charged OD Fees on APPSN Transactions on a Frontwave checking account." Compl. ¶ 64. Plaintiff admits that "the Class consist[s] of thousands of members or more." *Id.* ¶ 68. Moreover, a 4-year statute of limitations applies to both Plaintiff's contract and UCL claims. *See* Cal. Civ. Proc. Code § 337(a) (four-year statute of limitations for "[a]n action upon any contract, obligation or liability founded upon an instrument in writing"); *Harris v. Home Depot U.S.A., Inc.*, No. 15-01058, 2016 WL 8114188, at *1 (N.D. Cal. Jan. 20, 2016) ("UCL claims are always subject to a four-year statute of limitations"). Thus, based on the proposed class definition and the allegations made in the Complaint, the putative class is comprised of more than 100 class members.

### B.   Minimal Diversity Exists

9.   The citizenship of putative class members, named and unnamed, is considered when determining minimal diversity under CAFA. 28 U.S.C. § 1332(d)(1)(D). If any class member is diverse from any defendant, minimal diversity is met. 28 U.S.C. § 1332(d)(2). The requisite diversity exists here.

2
NOTICE OF REMOVAL

10. Frontwave is a California state-chartered credit union with its principal place of business in Oceanside, California. Compl. ¶ 8. Therefore, for purposes of determining jurisdiction, Frontwave is a California citizen. *See Wells Fargo Bank, N.A. v. Comments Sols., LLC*, No. 19-77, 2019 WL 6873257, at *2 (D.N.J. Dec. 17, 2019) ("First Legacy is a state-chartered credit union, chartered in the state of North Carolina, with its principal place of business within that state, rendering it a citizen of North Carolina."); 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of every state where it is incorporated and where it has its principal place of business).

11. Plaintiff alleges that she is a "citizen [] of Schertz, Texas." Compl. ¶ 7.

12. Plaintiff seeks to represent a proposed class comprised of "[a]ll Frontwave Credit Union checking accountholders," not just those in California. Compl. ¶ 64. Frontwave's members are predominantly Marines or Marine families and they reside throughout the United States, including in Arizona, Illinois, Indiana, Nevada, Oregon, Texas, and Washington. Thus, it is more likely than not, that some putative class members are of a different citizenship than Frontwave and their inclusion also creates the minimal diversity needed under CAFA.

**C.    The Amount in Controversy Exceeds $5,000,000**

13. To establish jurisdiction under CAFA, the amount in controversy must exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89; *see also id.* at 84 ("A statement 'short and plain' need not contain evidentiary submissions.").

14. The Complaint seeks relief of an unspecified monetary value, including:

      a. Awarding Plaintiff and the Class actual damages, statutory damages, punitive and exemplary damages, and restitution;

      b. Attorneys' fees;

      c. Enjoining Frontwave from engaging in the overdraft practices outlined in the Complaint;

      d. Compelling disgorgement of the alleged ill-gotten gains derived from Frontwave's misconduct; and

      e. Awarding such other relief as the Court deems just and proper.

Compl. ¶¶ 82, 93; *id.*, Prayer for Relief (c)-(j).

15. Plaintiff's request for actual damages and restitution is equivalent to the allegedly unlawful overdraft fees assessed to Plaintiff and the Class by Frontwave over the past four years. *Id.* ¶¶ 82, 92-93. Based on Frontwave's overall overdraft fee revenue for the alleged class period and based on damages calculations from other cases by data analytics consultants, the APPSN fee damages could be could be as much as $2.77 million. *See* Declaration of Stuart M. Richter ("Richter Decl.") ¶ 3.

16. Plaintiff's request for injunctive/declaratory relief, if granted, will prevent Frontwave from charging the allegedly improper fees in the future. Thus, if APPSN damages for the past four years could be $2.77 million, Frontwave will lose an equivalent amount of revenue for the next four years should an injunction as requested by Plaintiff be issued by this Court. The "value" of this injunctive relief must also be considered as part of the amount in controversy. *See In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (noting "where the value of a plaintiff's potential recovery (in this case, a maximum of $3,500) is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes"); *Bayol v. Zipcar, Inc.*, No. 14- 02483, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) ("a defendant's

aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy" for CAFA jurisdiction).

17. Plaintiff's request for reasonable attorneys' fees is also considered in determining the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (noting that "Section 1332(a)'s amount-in-controversy required excludes only 'interest and costs' and therefore includes attorneys' fees"). If this case is prosecuted through trial, Plaintiff's counsel's fees will be at least $1 million. *See* Richter Decl. ¶ 5.

18. Thus, although Plaintiff does request a specific amount of damages, given Plaintiff's claims, the alleged nationwide class, and the broad request for relief, the amount in controversy exceeds $5,000,000, exclusive of interest and costs. Accordingly, the amount in controversy is satisfied in this case. *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (noting removing defendant need only show "that the potential damages could exceed the jurisdictional amount").

## THE REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A.  Removal Is Timely

19. This Notice is timely under 28 U.S.C. § 1446(b). Frontwave was served with the Complaint on May 27, 2022. "Receipt" of the complaint means proper service as required by state law, not mere possession. *See Murphy Bros, Inc. v. Michettis Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999). This Notice is filed on June 17, 2022, well within the 30-day deadline provided by 28 U.S.C. § 1446(b).

### B.  Venue Is Proper

20. Venue is proper in the United States District Court for the Southern District of California, as this is the District and division embracing the place where the State Court Action is pending (*i.e.*, San Diego County).

### C. Supporting Documents and Notice

21. Frontwave has complied with 28 U.S.C. § 1446(a) by attaching hereto as **Exhibits A-G,** all process, pleadings, and orders received in the State Court Action.

22. Concurrently with the filing of this Notice, Frontwave will give written notice to all adverse parties and will file a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of San Diego. *See* 28 U.S.C. § 1446(d).

### D. Non-Waiver of Defenses

23. By removing this action Frontwave does not admit any of the allegations in Plaintiff's Complaint.

24. Frontwave does not waive, and expressly preserves, all objections, defenses, and exceptions authorized by law, including without limitation, those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Frontwave prays that the above action, formerly pending against it in the Superior Court for the State of California, County of San Diego, be removed to this Court.

Respectfully submitted,

Dated: June 17, 2022

**KATTEN MUCHIN ROSENMAN LLP**
Stuart M. Richter
Camille A. Brooks

By: /s/ Stuart M. Richter
Attorneys for Defendant FRONTWAVE CREDIT UNION